FILED

APR 26 2023 SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

23-CR-257
Judge Kennelly
Magistrate Judge Harjani

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Violations: Title 8, United States |
| | ) Code, Sections 1324(a)(1)(A)(iii), |
| | ) 1324(a)(1)(A)(v)(I), and |
| | ) 1324(a)(1)(B)(i) |
| TUDOR DEACONU, a/k/a "Caras" | ) |

### COUNT ONE

The SPECIAL OCTOBER 2022 GRAND JURY charges:

1. At times material to this indictment:

    a. The United States required all persons seeking to enter the United States from a place outside the United States to enter only through certain designated and authorized points of entry.

    b. The United States required foreign nationals from certain countries, including Romania, to obtain an entry visa before entering the United States.

    c. The United States required any foreign national seeking to work inside the United States to obtain an employment visa before commencing work in the United States.

    d. Defendant TUDOR DEACONU, also known as "Caras," was a Romanian national and naturalized United States citizen who resided in the Northern District of Illinois. DEACONU was the owner and president of TDA

1

Constructions Inc., an Illinois company that performed construction and maintenance work.

    e.    Luigi Cristinel Popescu, also known as "the Godfather," was a Romanian citizen and national who worked to smuggle Romanian nationals into the United States.

    f.    Visan Rostas was a Romanian national based in Canada who worked with Popescu and others to smuggle Romanian nationals into the United States from Canada. Popescu and Rostas charged thousands of dollars in smuggling fees for each Romanian national they unlawfully smuggled into the United States.

    g.    Individuals 1, 2, 3, and 4 were Romanian nationals. Individuals 2 and 3 were married and Individual 4 was their minor child. Individuals 1, 3, and 4 did not have a visa allowing them entry into the United States. Individuals 1, 2, 3, and 4 did not have employment visas allowing them to work in the United States.

    2.    Beginning no later than in or around 2018, and continuing until at least May 2019, at Lincolnwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

TUDOR DEACONU, a/k/a "Caras,"

defendant herein, conspired with Luigi Cristinal Popescu and Visan Rostas, along with others known and unknown to the grand jury, to knowingly bring aliens to the United States at a place other than a designated port of entry or place other than as designated by the Secretary of Homeland Security, as described below.

3. It was part of the conspiracy that DEACONU agreed to work with Popescu, Rostas, and their associates to unlawfully smuggle into the United States at unauthorized points of entry Romanian nationals who lacked lawful entry and work visas, including Individuals 1, 2, 3, and 4, so that DEACONU could unlawfully employ the Romanian nationals and their family members at TDA Construction Inc.

4. It was further part of the conspiracy that DEACONU directed the Romanian nationals whom he sought to have smuggled into the United States to travel to Montreal, Canada.

5. It was further part of the conspiracy that, once the Romanian nationals arrived in Montreal, DEACONU connected them to Popescu and Rostas, who arranged to smuggle the Romanian nationals into the United States at unauthorized points of entry along the United States/Canadian border.

6. It was further part of the conspiracy that DEACONU and others paid smuggling fees to Popescu and Rostas.

7. It was further part of the conspiracy that, in or around 2018, Individual 1 entered the United States at an unauthorized point of entry along the United States/Canada border.

8. It was further part of the conspiracy that on or about April 24 and 25, 2019, Individuals 2, 3, and 4 attempted to enter the United States at an unauthorized point of entry along the United States/Canada border near Saint Bernard de Lacolle, Quebec, Canada.

9. It was further part of the conspiracy that, between approximately April 25, 2019, and early May 2019, DEACONU, Popescu, Rostas, and Individual 2 made plans to smuggle Individuals 3 and 4 into the United States at an unauthorized point of entry.

10. It was further part of the conspiracy that, on or about May 6, 2019, Individuals 3 and 4 entered the United States at an unauthorized point of entry at or near Derby Line, Vermont.

11. It was further part of the conspiracy that DEACONU, Popescu, Rostas, Individual 2, and others used WhatsApp Messenger, Facebook, and other means to communicate with each other in furtherance of the conspiracy.

12. Beginning no later than in or around 2018, and continuing until at least in or around May 2019, at Lincolnwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

TUDOR DEACONU, a/k/a "Caras,"

defendant herein, for the purpose of private financial gain and commercial advantage, did conspire with Luigi Cristinal Popescu and Visan Rostas, along with others known and unknown to the grand jury, to knowingly bring aliens to the United States at a place other than a designated port of entry and a place other than as designated by the Secretary of Homeland Security for purposes of economic advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i);

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNT TWO

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

Beginning no later than on or about May 7, 2019, and continuing until at least on or about June 25, 2019, at Lincolnwood, in the Northern District of Illinois and elsewhere,

TUDOR DEACONU, a/k/a "Caras,"

defendant herein, for the purpose of commercial advantage and private financial gain, concealed, harbored, and shielded from detection, and attempted to conceal, harbor, and shield from detection, Individual 3 in any place, including any building or any means of transportation, knowing and in reckless disregard of the fact that Individual 3, had come to, entered, and remained in the United States in violation of law;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

## COUNT THREE

The SPECIAL OCTOBER 2022 GRAND JURY further charges

Beginning no later than on or about May 7, 2019, and continuing until at least on or about June 25, 2019, at Lincolnwood, in the Northern District of Illinois and elsewhere,

TUDOR DEACONU, a/k/a "Caras,"

defendant herein, for the purpose of commercial advantage and private financial gain, concealed, harbored, and shielded from detection, and attempted to conceal, harbor, and shield from detection, Individual 4 in any place, including any building and any means of transportation, knowing and in reckless disregard of the fact that an alien, namely, Individual 4, had come to, entered, and remained in the United States in violation of law;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Scott Edenfield on behalf of the
ACTING UNITED STATES ATTORNEY